```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------
SYLVIA MINES,

                    Plaintiff,          11 Civ. 7886 (JGK)

        - against -                     MEMORANDUM OPINION AND
                                        ORDER
CITY OF NEW YORK/DHS,

                    Defendant.
--------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff has filed an application for the Court to request pro bono counsel. However, from the papers provided, the Court cannot determine whether the necessary showing for appointment of counsel has been met. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427, 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his or her claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle

the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  The plaintiff has not yet made such a showing.  The plaintiff's application for the Court to appoint counsel is therefore **denied without prejudice** for failure to make the required showing at this time.

However, it is ordered that this pro se case is referred for mediation to the Court's Alternative Dispute Resolution program of mediation.  Local Rule 83.12 shall govern the mediation, and the parties are directed to participate in the mediation in good faith.  Unless otherwise ordered, the mediation will have no effect upon any scheduling Order issued by this Court, and all parties are obligated to continue to litigate the case.

It is further ordered that the Clerk of Court shall locate pro bono counsel to represent the plaintiff at the mediation. The time to assign a mediator under Local Rule 83.12(f) shall be deferred until pro bono counsel has filed a Notice of Limited Appearance of Pro Bono Counsel.  Pro bono counsel will represent the plaintiff solely for purposes of the mediation, and that representation will terminate at the conclusion of the mediation process.

It is further ordered that any objection by the plaintiff to either the mediation or to the appointment of pro bono counsel to represent the plaintiff in the mediation must be filed within fourteen (14) days of this Order.  In the event the plaintiff files such an objection, the referral to mediation is vacated, and this case will not proceed to mediation.

SO ORDERED.

Dated:   New York, New York
         December 14, 2011

_____
John G. Koeltl
United States District Judge